IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

MR. LEONARD CARTER, JR.,

 Plaintiff,

v.                    Civil Action No. **3:16CV644**

MR. HENRY E. HUDSON, *et al.*,

 Defendants.

## MEMORANDUM OPINION

Leonard Carter, Jr., a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this civil action. The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

### I. PRELIMINARY REVIEW

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by an individual proceeding *in forma pauperis* if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir.

1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly,

while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it will not act as the inmate's advocate and develop, *sua sponte*, statutory and constitutional claims that the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. SUMMARY OF ALLEGATIONS

In his lengthy and rambling Complaint, which is composed from several documents, Carter has named United States District Judge Henry E. Hudson, as well as Virginia Department of Corrections ("VDOC") employees Harold W. Clarke, A. David Robinson, Bryan Watson, Benjamin Wright, Y.M. Taylor, Wend W. Pixley, and Keith Dawkes (collectively, "VDOC Defendants"), as Defendants. (Compl. 1–3, ECF No. 1.)[1] The majority of Carter's Complaint, however, contains allegations that do not involve the named Defendants. Upon review of Carter's Complaint, particularly the "Statement of the Claim" section, the Court has construed the following claims against the named Defendants:

> Claim One: The named Defendants conspired to murder Carter's brother, Vincent Burrett Carter, by illegally transporting him to River North Correctional Center. (*Id.* at 7.)
>
> Claim Two: The VDOC Defendants violated Carter's right to freedom of speech under the First Amendment[2] by failing to provide him with informal complaint forms and by failing to properly process his grievances. (*Id.* at 8–10.)
>
> Claim Three: Judge Hudson violated the Code of Judicial Conduct by erroneously ruling on October 28, 2010, that Carter had at least three previous actions that were dismissed as frivolous, malicious, or for failure to state a claim. (*Id.* at 12.)

---

[1] The Court utilizes the pagination assigned to Carter's submissions by the CM/ECF docketing system.

[2] "Congress shall make no law . . . abridging the freedom of speech . . . ." U.S. Const. amend. I.

3

## III. ANALYSIS

Carter alleges that his constitutional claims arise under 28 U.S.C. § 1331, which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Judge Hudson is a federal official, so Carter apparently invokes *Bivens*[3] for his claims against him. Carter's claims against the VDOC Defendants, however, would properly be brought under 42 U.S.C. § 1983.[4] Nevertheless, because Carter's claims are so apparently lacking in merit, the Court will dismiss his Complaint in its entirety.

In order to state a viable claim under *Bivens*, a plaintiff must allege that a person acting under color of federal authority deprived him or her of a constitutional right. *See Goldstein v. Moatz*, 364 F.3d 205, 210 n.8 (4th Cir. 2004) (citing *Bivens*, 403 U.S. at 389). In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Accordingly, the plaintiff must allege facts that affirmatively show "that the official

---

[3] *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

[4] That statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

charged acted *personally* in the deprivation of the plaintiff[']s rights." *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977).

It is both unnecessary and inappropriate to engage in an extended discussion of the utter lack of merit of Carter's theories for relief. *See Cochran v. Morris*, 73 F.3d 1310, 1315 (4th Cir. 1996) (emphasizing that "abbreviated treatment" is consistent with Congress's vision for the disposition of frivolous or "insubstantial claims" (citing *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). As discussed below, Carter's claims are unsubstantial and frivolous for several reasons.

### A. Conspiracy Claim

In Claim One, Carter contends that the Defendants conspired to murder his brother by illegally transporting him to River North Correctional Center. (Compl. 7.) Although Carter alleges that a conspiracy existed among all the Defendants, Carter has not stated any plausible claim of a conspiracy to deprive Carter of his civil rights. Because Carter's allegation of a conspiracy "amounts to no more than a legal conclusion, on its face it fails to assert a plausible claim." *Francis v. Giacomelli*, 588 F.3d 186, 197 (4th Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Gooden v. Howard Cty., Md.*, 954 F.2d 960, 969–70 (4th Cir. 1992)); *see Capogrosso v. Supreme Court of N.J.*, 588 F.3d 180, 184–85 (3d Cir. 2009) (citation omitted) (dismissing conclusory allegations of a conspiracy). For this reason, Claim One will be DISMISSED.

### B. Claim Against the VDOC Defendants

In Claim Two, Carter alleges that the VDOC Defendants violated Carter's right to freedom of speech under the First Amendment by failing to provide him with informal complaint forms and by failing to properly process his grievances. (Compl. 8–10.) However, Carter has no constitutional right to participate in grievance procedures. *Adams v. Rice*, 40 F.3d 72, 75 (4th

Cir. 1994) (citation omitted). Because Carter enjoys no constitutional right to participate in grievance proceedings, his claims that the VDOC Defendants violated his rights by failing to provide him with informal complaint forms and failing to properly process his grievances are legally frivolous. *See Chandler v. Cordova*, No. 1:09CV483 (LMB/TCB), 2009 WL 1491421, at *3 n.3 (E.D. Va. May 26, 2009); *Banks v. Nagle*, Nos. 3:07CV419–HEH, 3:09CV14, 2009 WL 1209031, at *3 (E.D. Va. May 1, 2009) (citation omitted). Therefore, Claim Two will be DISMISSED.

### C. Claim Against Judge Hudson

In Claim Three, Carter contends that Judge Hudson violated the Code of Judicial Conduct by erroneously ruling on October 28, 2010, that Carter had at least three previous actions that were dismissed as frivolous, malicious, or for failure to state a claim. (Compl. at 12.) Judges, however, are immune from suits under *Bivens* for acts committed within their judicial discretion. *See Bartrug v. Rubin*, 986 F. Supp. 332, 335 (E.D. Va. 1997); *Stephens v. Herring*, 827 F. Supp. 359, 364–65 (E.D. Va. 1993). "Absolute judicial immunity exists 'because it is recognized that judicial officers in whom discretion is entrusted must be able to exercise discretion vigorously and effectively, without apprehension that they will be subjected to burdensome and vexatious litigation.'" *Lesane v. Spencer*, No. 3:09CV012, 2009 WL 4730716, at *2 (E.D. Va. Dec. 3, 2009) (quoting *McCray v. Maryland*, 456 F.2d 1, 3 (4th Cir. 1972) (citations omitted), *overruled on other grounds*, *Pink v. Lester*, 52 F.3d 73, 77 (4th Cir. 1995)). A judge is entitled to immunity even if "the action he took was in error, was done maliciously, or was in excess of his authority . . . ." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). Only two exceptions apply to judicial immunity: (1) nonjudicial actions, and (2) those actions, "though judicial in nature," that are "taken in complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991)

(citation omitted). Because Carter fails to allege facts suggesting that either exception applies in this instance, Claim Three will be DISMISSED.

## IV. OUTSTANDING OBJECTIONS

Carter has filed objections to the Memorandum Order entered on October 11, 2016 in which the Magistrate Judge denied Carter's Motion for Appointment of Counsel, received on October 3, 2016 ("Objections," ECF No. 15).

Pursuant to Federal Rule of Civil Procedure 72(a), a party may seek review of nondispositive pretrial matters by a district court judge. The Rule provides:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Fed. R. Civ. P. 72(a).

Carter contends that the Magistrate Judge erred in denying his Motion to Appoint Counsel because Carter is "a layman and unskilled in the law." (Objs. 2 (emphasis omitted and capitalization corrected).) The Magistrate Judge determined that counsel need not be appointed for Carter because "[t]his action presents no complex issues or exceptional circumstances" and that Carter's "pleadings demonstrate that he is competent to represent himself in the action." (Mem. Order 1, ECF No. 13.) The Court discerns no error in the Magistrate Judge's conclusion. Therefore, Carter's Objections (ECF No. 14) will be OVERRULED.

## V. CONCLUSION

For the foregoing reasons, Carter's claims will be DISMISSED AS FRIVOLOUS. Carter's Motion for Appointment of Counsel (ECF No. 14) will be DENIED. Carter's

7

Objections (ECF No. 15) will be OVERRULED. The action will be DISMISSED. The Clerk will be DIRECTED to note the disposition of the action for the purposes of 28 U.S.C. § 1915(g).

An appropriate Order will accompany this Memorandum Opinion.

Date: 5/1/17
Richmond, Virginia

/s/ 
John A. Gibney, Jr.
United States District Judge